IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOSPITALITY INTERNATIONAL, ) <br> INC. and RED CARPET INNS ) <br> INTERNATIONAL, INC., ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> LAKE ERIE LODGE, INC., et al., ) <br>     Defendants. ) | C.A. No. 21-305 Erie <br><br> **District Judge Susan Paradise Baxter** |

## MEMORANDUM ORDER

Plaintiffs Hospitality International, Inc. and Red Carpet Inns International, Inc., bring this trademark infringement and unfair competition action against Defendant Lake Erie Lodge, Inc., a former Red Carpet Inn franchisee, and its Guarantor, Hassan "Harry" Muhammed, after Defendants' franchise agreement with Plaintiffs ("Franchise Agreement") was terminated because Defendants failed to fulfill their contractual obligations. After the termination of the Franchise Agreement and following a monetary judgment against Defendants from another court, Defendants continue to use the Red Carpet Inn trademarks.

Plaintiffs have provided returns of service for each Defendant, yet neither has appeared nor answered the Complaint. Presently pending before the Court is Plaintiffs' motion for preliminary injunction [ECF No. 5], to stop Defendants' infringement of the Red Carpet Inn trademarks. A telephone hearing on Plaintiff's motion was held before this Court on January 26, 2022. Defendants did not appear or contact the Court for an extension of time, nor have they filed any response to Plaintiffs' motion.

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is

not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982) ("a failure to show a likelihood of success or a failure to demonstrate

irreparable injury must necessarily result in the denial of a preliminary injunction").

Upon consideration of the motion for preliminary injunction [ECF No. 5], the attached affidavit, the memorandum in support, the return of service for the two named Defendants, and the complaint, the Court finds that the requirements for issuance of a preliminary injunction are met. As no opposing evidence has been presented to the Court, (1) the Plaintiffs are likely to be successful on their claims of trademark infringement and unfair competition; (2) Plaintiffs will be irreparably harmed by the lack of control over their trademarks, causing loss of reputation and goodwill, among other things; (3) Any harm to Defendants is of their own making; and (4) The public interest rests in upholding contract court rulings and registered trademarks.

Therefore, this 27th day of January, 2022,

In light of the foregoing, IT IS HEREBY ORDERED, ADJUDGED, and DECREED, as follows:

1. Defendants LAKE ERIE LODGE, INC. and HASSAN ("HARRY") MUHAMMED, and all persons in active concert or participation with them, are preliminarily enjoined, prohibited, and restrained, until further Order from this Court, from using the federally registered service mark, "Red Carpet Inn," and related marks (the "RCI Marks"), or any confusingly similar name, device, mark, service mark, trademark, trade name, slogan, or symbol to obtain revenue for Defendants or any individual or company associated with Defendants, jointly or severally; and

2. Defendants LAKE ERIE LODGE, INC. and HASSAN ("HARRY") MUHAMMED, and all persons in active concert or participation with them, shall file with the Court and serve upon counsel for Plaintiffs HOSPITALITY INTERNATIONAL, INC. and RED CARPET INNS INTERNATIONAL, INC., within ten (10) days after service of this Order, a

written report setting forth in detail, under oath, the manner and form in which they have complied with the injunction.

IT IS FURTHER ORDERED that security in the amount of $ 5,000.00 be posted by Plaintiffs prior to February 4, 2022.

SUSAN PARADISE BAXTER
United States District Judge